TATE, Justice.
The defendant was convicted of the illegal distribution of heroin, La.R.S. 40:966, and sentenced to life imprisonment. Upon his appeal, the defendant relies upon six assignments of error. The assignments for the most part relate to the availability of and the testimony of or relating to a confidential informer, Wilmer Dixon.

Facts

The distribution offense with which the defendant is charged took place as follows:
According to a police officer who accompanied him, Dixon located the defendant Holiday and arranged to purchase the drugs. Shortly thereafter, in the police officer’s presence Dixon gave Holiday $130 and received ten tin-foil bags. The informer Dixon then turned these bags over to the officer, and they were subsequently analyzed and found to contain heroin. Three other police officers, who followed and maintained surveillance of the couple, corroborated the testimony of the officer involved in the transaction.
Prior to trial, on appropriate motion by the defendant, the state revealed to him Dixon’s identity and agreed to produce him prior to trial “if possible”, upon subpoena through a specified government agent. Despite this agreement, the state was unable to locate Dixon prior to trial (the evidence shows he had been threatened with death). The record, however, reflects good faith but unsuccessful efforts by the state to locate Dixon prior to trial and make him available for defense interrogation.

Assignments of Error

Assignment 3 argues that the appellant was denied due process by the fail *495 ure to afford him access to Wilmer Dixon prior to trial in the preparation of his defense. Assignment 6 relates to the sustaining of state objection to a defense question to a defense witness about a hearsay statement made by Dixon which exonerated the defendant of any implication in the incident charged.
Both assignments are without merit: the first, because of the good faith (although unsuccessful) efforts by the state to furnish pre-trial access to the missing witness; and the second, because Dixon’s hearsay statement to the witness was not admissible under any exception to the hearsay rule (it is not shown to be against Dixon’s penal interest, as contended).
Further, no prejudice is shown: In fact, Dixon’s location was ascertained by the defense during the trial, he was subpoenaed, and he testified that the defendant did not furnish drugs to him and denied the entire incident.
Assignment 9 relates to the admission of a written statement made by Dixon out-of-court which implicated the defendant on the state’s cross-examination of Dixon, he denied having made it, and that the signature was his. A police officer present when he signed it testified to this effect. Proper foundation for its introduction having been made, this hearsay statement was admissible as an out-of-court statement inconsistent with the witness’s trial testimony. La.R.S. 15:493. Its effect, of course, is limited to the impeachment of the witness’s credibility.
The contention that handwriting experts were necessary to identify the statement’s signature as Dixon’s is not supported by any authority cited. Sufficient proof was made of the authenticity of the written statement to permit its admission into evidence. The assignment is without merit.
Assignments 5 and 7 relate to the denials of motions for acquittal (a) at the close of the state’s case and again (b) at the close of the entire case.[1] In part, they rely upon the failure of the state to produce Dixon, a principal witness against the accused (motion a) and upon Dixon’s denial of the incident in his trial testimony (motion b).
Four eyewitnesses testified to the heroin sale by the defendant to Dixon. Their testimony was found credible by the trial court. These motions cannot tenably rely upon the lack of evidence of the defendant’s guilt of the crime or any of its elements, the sole basis allowed for the motion.[2]
Assignment 1 relates to a motion to quash the original indictment of January 9, 1975 on the ground of the unconstitutional exclusion of women from the grand jury venire. The indictment was dismissed by the district attorney, La.C.Cr.P. art. 691, and a new indictment filed on March 6, 1975. The present prosecution is based upon this latter indictment.
No motion to quash this latter indictment was filed prior to the trial as required for its timeliness, La.C.Cr.P. art. 535 B (or ever). Not until after conviction, was the present contention made that the motion to quash the superseded indictment should have been considered as also applying to the present indictment. We do not find merit in the assignment.

Decree

For the reasons assigned, we affirm the conviction and sentence.
AFFIRMED.

. The defendant had waived a trial by jury. Therefore, a motion for a directed verdict was available in this judge-trial. See La.C.Cr.P. art. 778, as amended in 1975.

. Likewise verging on frivolity is the additional meritless contention that the evidence of the transaction was not fairly within the prosecutor’s opening statement. Aside from the contention’s lack of factual basis, the testimony was not objected to at the time, nor is there any authority for the argument that a motion for acquittal should be ordered if evidence proving guilt is admitted which is inconsistent with the opening statement.